# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BENJAMIN WATERS,   *

Plaintiff,   *

v.   *   Civil Action No. GLR-16-3238

JAMES DIPINO,[1]   *
J. FRANCIS,
D. WILLIAMS,   *
M. FORTCHAM,
N. MARS,   *
P. JACKSON,
T. BROWN,   *
STATE OF MARYLAND[2]
DEPARTMENT OF CORRECTIONS,   *

Defendants.   *

## MEMORANDUM OPINION

In response to the above-entitled civil rights complaint, Defendants State of Maryland (the "State"), Division of Correction ("DOC") and James Dipino,[3] Acting Director of Procurement for the Department of Public Safety and Correctional Services ("DPSCS"), filed a Motion to Dismiss and/or for Summary Judgment. (ECF No. 12). The Motion remains

---

[1] The Clerk shall amend the docket to reflect James Dipino's correct name.

[2] The Clerk shall amend the docket to reflect that "State of Maryland Department of Corrections" is best denoted as two separate entities, the State of Maryland and the Division of Correction.

[3] To date, Defendants Francis, Williams, Fortcham, Mars, Jackson and Brown have not been served with summons and Complaint. Counsel for the Maryland Attorney General has informed court personnel that Baltimore City Booking and Intake Center's ("BCBIC") institutional coordinator has the necessary paperwork, service of process is imminent, and counsel will provide the necessary notice to the Clerk upon completion of service.

unopposed.[4] No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons that follow, Defendants' Motion, construed as a Motion to Dismiss, will be granted.

## I. BACKGROUND

When he filed his Complaint on September 23, 2016, Plaintiff Benjamin Waters was a pretrial detainee awaiting trial in the Circuit Court for Baltimore City, Maryland on charges of first and second-degree assault and use of a deadly weapon with intent to injure. (See ECF 12-3). Waters initially was confined on "5 North" at the Baltimore City Booking and Intake Center ("BCBIC"). Defendants note that from July through September, 2016, "5 North" was the Inmate Mental Health Unit. (ECF No. 12-1 at 2 n.1).

Waters alleges that while on "5 North," he was deprived of meals on seven separate occasions by Correctional Officers ("COs") J. Francis, T. Brown, D. Williams, and M. Fortcham. (ECF No. 3). He also claims that he was struck in the upper body by CO P. Jackson on August 3, 2016, and that Jackson pulled him from his bunk and onto the floor of his cell on August 8, 2016. (Id.). Waters also alleges that on September 2 and 20, 2016, a female officer, CO N. Mars, inappropriately searched him on the stairway near BCBIC's gym. Id. The Complaint makes no allegations of any wrongdoing by DiPino.

As relief, Waters seeks employee discipline, a written apology, the installation of cameras on 5 North of BCBIC, an end to the alleged sexual abuse by "female officers," and damages in the amount of $20,000. (ECF No. 3). On December 16, 2016, Waters notified

---

[4] Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), on January 25, 2017, Waters was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. (ECF No. 13). He was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (Id.). Waters failed to respond.

the Clerk that he was held at the Clifton T. Perkins Hospital Center ("Perkins") prior to trial. ( ECF No. 8).

The criminal charges were nolle prossed on February 10, 2017, and Waters was released from detention. He now resides in Aberdeen, Maryland.

## II.     DISCUSSION

**A.     Standard of Review**

Although Defendants caption their Motion in the alternative for summary judgment, they rely on minimal, if any, extra-pleading material. The Court, therefore, will construe the Motion as a Rule 12(b)(6) Motion to Dismiss.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A.,

917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Additionally, "where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint" Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993).

**B. Analysis**

    **1. State, DOC, and Dipino in his Official Capacity**

The Court will grant Defendants' Motion as to Waters's claims against the State, DOC, and Dipino in his official capacity because those claims are barred by the Eleventh Amendment and those defendants are not "persons" amenable to suit under § 1983.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Notwithstanding the Eleventh Amendment's explicit mention of only

4

"Citizens of another State," the Supreme Court of the United States has construed the Eleventh Amendment as also protecting states from federal court suits brought by the state's own citizens. Id.; Lee-Thomas v. Prince George's Cty. Pub. Sch., 666 F.3d 244, 248 (4th Cir. 2012) (quoting Port Auth. Trans–Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990)). This immunity is not absolute—Congress and state legislatures may waive it. Id. at 249. Eleventh Amendment immunity also extends to an instrumentality of a state, absent waiver or Congressional abrogation. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

The State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts. See Md. Code Ann., State Gov't., § 12–201 (West 2017). It has not, however, waived its immunity under the Eleventh Amendment to a suit of this kind. Additionally, the DOC is a unit of the Maryland Department of Public Safety and Correctional Services, which is in turn a "principal department of the State government." Md. Code Ann., Corr. Servs. §§ 2-101, 3-201 (West 2017). This makes the DOC an instrumentality of the state of Maryland for Eleventh Amendment purposes. Accordingly, the Court will grant Defendants' Motion as to Waters's claims against the State and DOC.

Under the Eleventh Amendment, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (internal citation omitted). Official-capacity claims, therefore, are subject to Eleventh Amendment immunity. See Kentucky v. Graham, 473 U.S. 159, 167 (1985). Under the Ex parte Young doctrine, the Eleventh Amendment does not prevent private individuals from

suing state officials under § 1983 for prospective injunctive relief to prevent ongoing violations of federal law. McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010) (citing Ex parte Young, 209 U.S. 123, 159–60 (1908)). Waters, however, does not plausibly allege any ongoing violations of federal law. Hence, to the extent Waters sues Dipino in his official capacity, the Court will grant Defendants' Motion.

The Court adds that 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To prevail on § 1983 claim, a plaintiff must demonstrate a deprivation of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation was committed by a "person" acting under color of state law. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citation omitted). "[N]either a State nor its officials acting in their official capacities are "persons" under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Similarly, state agencies are not "persons" subject to suit under § 1983. Id. at 67.

### 2. Dipino in his Individual Capacity

Neither the Complaint nor its amendment states that Dipino was personally involved in the alleged constitutional violations described by Waters. To the degree that that Dipino attempts to bring § 1983 claims against Dipino in his individual capacity, there is no respondeat superior liability under § 1983. Love–Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004). Accordingly, insomuch as Waters sues Dipino in his individual capacity, the Court will also grant Defendants' Motion.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss (ECF No. 12) and dismiss the State, DOC, and Dipino. Service of process shall be made on the remaining Defendants. A separate Order follows.

Entered this 9th day of May, 2017

/s/
_____
George L. Russell, III
United States District Judge